## J. O. Davidson v. D. E. Renfro et al.

Decided December 5, 1908.

**Trespass to Try Title—Community Property—Purchase from Surviving Husband—Innocent Purchaser—Burden of Proof.**

In an action of trespass to try title by the heirs of a deceased wife against a remote vendee of the surviving husband for community property sold by the husband after the death of the wife, the burden of proof is upon the heirs to show that not only the defendant but each and all of the intermediate purchasers had notice of the equitable title of the heirs, in order to entitle them to recover such land.

Appeal from the District Court of Sabine County. Tried below before Hon. W. B. Powell.

*Davis & Davis* and *Tom C. Davis,* for appellant.

No brief for appellees.

PLEASANTS, Chief Justice.—This is an action of trespass to try title brought by the appellees against the appellant and a number of other defendants to recover the O. H. Lindsey one-fourth league of land in Sabine County.

The appellant disclaimed as to all of the land sued for except a tract of 67½ acres which is fully described in his answer, as to which he pleaded not guilty, and also pleaded title under the three, five and ten years statutes of limitation. He further pleaded that L. L. Loggins, under whom appellees claim, purchased the 807 acres of land, of which the 67½ acres is a part, as the agent of S. W. Norsworthy, to whom he afterwards conveyed said 807 acres and who is one of the remote vendors of appellees.

All of the assignments of error, as shown by the propositions submitted thereunder, are predicated upon the assumption that M. A. Morris is the common source of title and it is therefore unnecessary to set out appellees' chain of title in full.

The 807 acre tract was conveyed to M. A. Morris during the life of his wife, who died in April, 1881. On October 15, 1881, Morris conveyed it to L. L. Loggins, and thereafter it passed from Loggins to Norsworthy, from Norsworthy to Grigsby and from Grigsby to appellee, Renfro. Appellant claims under a conveyance from one of the heirs of Mrs. Morris.

After the death of Mrs. Morris her children took possession of one-half of the 807 acre tract and partitioned it between themselves. The undisputed evidence shows that the half so taken by Mrs. Morris' heirs was of no greater value than the remaining half of said tract, and the 67½ acres claimed by appellant is one of the subdivisions of the half of said tract which was partitioned between said heirs.

The evidence further shows that Loggins, at the time he purchased from M. A. Morris, knew of the claim of Mrs. Morris' children to an undivided one-half interest in the land. There is, however, no evidence that Norsworthy, Grigsby, or the appellee Renfro had any notice of said claim at the time of their respective purchases, nor is there any evidence that either of said purchasers was not a purchaser for value. Such being the evidence the court charged the jury as follows:

"The court holds the law to be that L. L. Loggins by the evidence is shown to have purchased the land with notice of the equitable title of the heirs of M. A. Morris' wife, but the evidence fails to show that Norsworthy, or the parties holding under him, had any notice of the equitable title of the children of M. A. Morris and his wife, and the burden of proof being upon defendants to show that the plaintiff bought with notice of their equitable title, before they could defeat the previous prior legal title, the court instructs you that the legal title acquired by G. W. Norsworthy from L. L. Loggins is superior to the equitable title of the said heirs of Mrs. M. A. Morris."

The first three assignments presented in appellant's brief complain of the refusal of the court to give the jury several special charges requested by appellant, which, in effect, instructed the jury that appellant as a purchaser under the heirs of Mrs. Morris held the superior title to an undivided interest in said 807 acre tract, and all the evidence showing that the partition of said tract by the heirs of Mrs. Morris between themselves and those claiming under the conveyance by their father to Loggins, was fairly and equitably made, appellant was entitled to recover the specific tract claimed by him.

The fourth assignment complains of the charge given by the court before set out. There was no error in the charge given by the court and it follows from this conclusion that the requested charges were properly refused.

The title asserted by appellant under the heirs of Mrs. Morris being an equitable title, in order for such title to prevail against the legal title of appellees acquired under the conveyance from M. A. Morris, it devolved upon appellant to show that appellee was not a purchaser for value or that he purchased with notice of appellant's equity. Johnson v. Newman, 43 Texas, 642; Edwards v. Brown, 68 Texas, 329; French v. Strumberg, 52 Texas, 92; Fordtran v. Perry, 60 S. W., 1000; Thomason v. Berwick, recently decided by this court (ante, 153).

In the case last cited this court held, following the cases of Peterson v. McCauley, 25 S. W., 826, and Burleson v. Alvis, 28 Texas Civ. App., 51, "That the burden upon one asserting an equitable claim against the purchaser of the legal title who has not purchased directly from the holder of the legal title against whom the equity arose, is not discharged by merely showing that the last purchaser had notice of the equity, but the proof must go further and show that the land was not free from such equity in the hands of any of the intermediate vendors of such purchaser."

There being no evidence in this case that Norsworthy, Grigsby or the appellee Renfro was not an innocent purchaser of the legal title now held by Renfro, such title must prevail against the equitable title of appellant, and the court properly so instructed the jury.

We are of the opinion that the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*